UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) 16-1244 |
| SUSAN PRENTICE, *et al.* | ) |
| Defendants. | ) |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Dixon Correctional Center brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions of confinement and inadequate medical care arising from his incarceration at Pontiac Correctional Center. The matter comes before this Court for ruling on several outstanding motions.

**Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 45)**

Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 45). In his 58-page proposed amended complaint, Plaintiff names 44 defendants and generally repeats the same allegations contained in his original complaint multiple times. With few exceptions, Plaintiff does not make any specific allegations against the defendants he seeks to add to this litigation. In addition, Plaintiff recently filed a declaration with the Court indicating that he intends to file a second amended complaint adding new claims. (Doc. 53).

In light of Plaintiff's stated intention and to give him the opportunity to include all claims he seeks to pursue in the same document, his current Motion for Leave to File an Amended Complaint is denied with leave to renew. If Plaintiff renews his motion, he is advised that Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement" of his claims

and he need not repeat the same allegation multiple times or attach a multitude of exhibits. Plaintiff, however, must provide enough information to allow each prison official to determine the actions Plaintiff claims violated his constitutional rights and how they were responsible.

Finally, Plaintiff is advised that he may not join unrelated claims in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, -- F.3d --, 2017 WL 2655424, at *1 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

### Plaintiff's Motion to Have Documents Resent (Doc. 43)

Plaintiff's Motion to Have Documents Resent (Doc. 43) is denied.  In his motion, Plaintiff requests a court order directing Defendants to resend all the discovery documents they previously sent "due to his property being misplaced."  Plaintiff does not provide any information regarding the circumstances surrounding his property, how the documents were lost, whether they were destroyed, and whether he made any attempts to retrieve his property.

### Plaintiff's Motion to Request Counsel (Doc. 44)

Plaintiff filed a renewed Motion to Request Counsel (Doc. 44).  The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).  Plaintiff has shown that he made a reasonable attempt to secure counsel on his own through letters from attorneys he attached to his motion.

As to the second prong, Plaintiff alleges in his motion that his lack of education and mental health conditions inhibit his ability to litigate this case on his own.  Nonetheless, Plaintiff has personal knowledge of the facts of this case, he has demonstrated an ability to adequately convey them to the Court, and he frequently cites relevant case law in his motion.  Further, Plaintiff has litigation experience in federal court and this case does not yet appear to be overly complex.  Therefore, the Court finds that Plaintiff is capable of representing himself at this time.  Plaintiff's motion is denied with leave to renew.

**Defendants' Motions for Extension of Time (Docs. 46, 51)**

Defendants' Motions for Extension of Time (Docs. 46, 51) are granted.  Discovery shall be completed by September 22, 2017.  Dispositive motions shall be filed by October 23, 2017.

**Other Motions**

Plaintiff's Motion to Review Transcript (Doc. 64) is DENIED with leave to renew.  Rule 45(e)(1) of the Federal Rules of Civil Procedure allows a deponent upon request made before the deposition is completed to review the transcript for errors 30 days after being notified by the officer that the transcript is available.  Fed. R. Civ. P. 45(e)(1).  At this time, the Court cannot determine whether the deposition transcript is available.

Plaintiff's Motion for Status (Doc. 63) is GRANTED.  This Order addresses all pending motions.

Plaintiff's Motion to Reopen Discovery (Doc. 60) and Defendants' Motion to Stay Discovery and Dispositive Motions Deadline (Doc. 62) are DENIED as moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [45] is DENIED with leave to renew.**

2) **Plaintiff's Motion to Have Documents Resent [43] is DENIED.**

3) **Plaintiff's Motion to Request Counsel [44] is DENIED with leave to renew.**

4) **Defendants' Motions for Extension of Time [46][51] are GRANTED. Discovery shall be completed by September 22, 2017. Dispositive motions shall be filed by October 23, 2017.**

5) **Plaintiff's Motion to Review Transcript [64] is DENIED with leave to renew.**

6) **Plaintiff's Motion for Status [63] is GRANTED.**

7) **Plaintiff's Motion to Reopen Discovery [60] and Defendants' Motion to Stay Discovery and Dispositive Motions Deadline [62] are DENIED as moot.**

Entered this 19th day of July, 2017.

*s/Colin S. Bruce*
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE